Filed 07/28/26

VERMONT SUPERIOR COURT

Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 25-CV-04411

**Julie Zeyzus v. John Chenger, et al**

## ENTRY REGARDING MOTION

Title:      Motion for Summary Judgment; Response; Reply to Memo in Opposition; Sur Reply (Bennett, Monahan); (Motion: 18)
Filer:      Sara-Ellen M. A. Moran; Julie Zeyzus; Sara-Ellen M. A. Moran; Julie Zeyzus
Filed Date: March 20, 2026; May 13, 2026; May 27, 2026; June 21, 2026

This defamation action arises from the parties' involvement in 2022 and 2023 with the Northeast Bat Working Group ("Group"). The court recently dismissed Zeyzus's claims against defendants Chenger, Lout, Bryne, and Townsend.

The remaining defendants Bennett and Monahan have moved for summary judgment. Counsel represent them. Zeyzus represents herself. For the reasons that follow, the court grants defendants' motion for summary judgment (Mot. 18).

### I.      Undisputed Facts

The parties do not dispute the following material facts.

Bennett and Monahan worked for the State of Vermont's Department of Fish & Wildlife's Wildlife Division. They served as the Vermont meeting hosts of the 2023 Group conference. They assisted and coordinated with the Group in the organization and planning of the Group's 2023 conference held in Burlington, including consideration of and planning for conference security. They performed these Group functions as part of their state employment.

Zeyzus's allegations include:

1)   Because of false and defamatory remarks by others, Bennett and Monahan became convinced that Zeyzus was a dangerous person. Am. Compl. ¶¶ 29, 46;
2)   As a result, Bennett and Monahan and individuals on the Group Executive Committee involved in planning the 2023 conference hired armed security. *Id*. ¶¶ 29, 30, 32, 34, 46;
3)   Monahan and Emily Davis, a member of the Group involved in conference planning, spoke regarding hiring armed security at the 2023 conference in which Monahan repeated defamatory remarks about Zeyzus. *Id*. ¶ 50;
4)   Defendant Bennett repeated defamatory statements about Zeyzus. *Id*. ¶ 11; and
5)   Bennett and/or Monahan spoke to private security retained to work during the conference in which they repeated defamatory remarks about Zeyzus. *Id*. ¶ 49.

## II. Discussion

A court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). "Where the moving party does not bear the burden of persuasion at trial, it may satisfy its burden of production by showing the court that there is an absence of evidence in the record to support the nonmoving party's case." *Caldwell v. Champlain Coll. Inc.*, 2025 VT 17, ¶ 7 (quotation omitted). "The nonmoving party may survive the motion if it responds with specific facts raising a triable issue." *Id*. (quotation omitted). Courts "give the nonmoving party the benefit of all reasonable doubts and inferences." *Id*. (quotations omitted).

"Summary judgment is mandated where, after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which the party has the burden of proof at trial." *Id*. (quotation omitted). "[W]here the jury could only find for the plaintiff by relying on speculation, the defendant is entitled to [summary] judgment." *Id*. (quoting *Boyd v. State*, 2022 VT 12, ¶ 19, 216 Vt. 272) (alterations in original).

Defendants base their summary judgment motion on grounds of immunity, privilege, and the lack of evidence of any defamatory statement. Each of those grounds entitles defendants to summary judgment.

As state employees whose alleged actions took place during the course of their employment, defendants have immunity under the Vermont Tort Claims Act:

> When the act or omission of an employee of the State acting within the scope of employment is believed to have caused damage to property, injury to persons, or death, the exclusive right of action shall lie against the State of Vermont; and no such action may be maintained against the employee or the estate of the employee.

12 V.S.A. § 5602(a); *Sutton v. Vermont Reg'l Ctr.*, 2019 VT 71A, ¶ 45, 212 Vt. 612. The parties agree that Bennett and Monahan acted as state employees during the course of their employment. Zeyzus has not alleged that Bennett and Monahan behaved in a "grossly negligen[t]" or "willful" manner. 12 V.S.A. § 5602(b); *Sutton*, 2019 VT 71A, ¶ 45.

In addition, Bennett's and Monahan's alleged statements are privileged. Vermont has adopted Restatement (Second) of Torts § 598A, which provides a conditional privilege for defamatory statements made by state employees in the performance of official duties. *Skaskiw v. Vermont Agency of Agriculture*, 2014 VT 133, ¶ 11, 198 Vt. 187. This privilege extends not only to communications among government employees but also to statements made to others outside government when undertaken in furtherance of those duties. *Id.*; Restatement (Second) of Torts § 598A cmt. d. The parties agree these circumstances support the privilege in this case.

Zeyzus's allegations do not overcome the privilege in this case. A "conditional privilege is abused, and becomes ineffective, if the defendant acted with malice." *Skaskiw*, 2014 VT 133,

¶ 11.  Malice consists of either "(1) conduct manifesting personal ill will, reckless or wanton disregard of plaintiff's rights, or carried out under circumstances evidencing insult or oppression or (2) knowledge of the statement's falsity or with reckless disregard of its truth." *Id*. (quotation omitted).  Zeyzus has alleged no "specific facts" that Bennett or Monahan acted with either form of malice.  *Caldwell*, 2025 VT 17, ¶ 7 (quotation omitted).

Zeyzus cannot establish a prima facie case of defamation against Bennett or Monahan.

A successful defamation claim requires:

"(1) a false and defamatory statement concerning [the plaintiff]; (2) some negligence, or greater fault, in publishing the statement; (3) publication to at least one third person; (4) lack of privilege in the publication; (5) special damages, unless actionable per se; and (6) some actual harm [to the plaintiff] so as to warrant compensatory damages."

*Skaskiw*, 2014 VT 133, ¶ 8 (quotation omitted).  Zeyzus has "not identif[ied] any specific defamatory statements" made by Bennett or Monahan.  *Polak v. Ramirez-Diaz*, 2025 VT 9, ¶ 36, 220 Vt. 564.  She has not identified "specific facts raising a triable issue, and . . . is [not] able to demonstrate sufficient evidence to support a prima facie case."  *Kelly v. Univ. of Vt. Med. Ctr.*, 2022 VT 26, ¶ 15, 216 Vt. 445 (quotation omitted).

Finally, Zeyzus seeks to avoid or delay summary judgment on the basis that she has not had adequate time for discovery.  Zeyzus has filed a Rule 56(d) affidavit.  See V.R.C.P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may" defer or deny the motion, allow time for additional discovery, or "issue any other appropriate order.").

Zeyzus hopes to uncover evidence that Bennett and Monahan acted outside the scope of their employment.  See Zeyzus Aff. ¶ 3.  She outlines "numerous attempts" she made to "acquire additional essential facts" which have been unsuccessful, including requests for the Bat Working Group's executive board and committee meeting minutes, requests for unspecified "documents" from the Group's executive committee "for a separate legal matter" and a public records request for "official approved timesheets for Defendants and Monahan that would identify, at minimum," their "roles as agency employees." *Id*. ¶¶ 5-11.  She further asserts that "numerous potential witnesses" exist for her to depose "such as other members of [the Bat Working Group] involved in the planning of the [Vermont] meeting, members of the Conference Security Subgroup, and employees of the Vermont security company hired for the [Vermont] meeting." *Id*. ¶ 12.

Zeyzus's request does not merit relief here.  "There are a variety of . . . factors that will result in the denial of relief under Rule 56(d)." 10B Fed. Prac. & Proc. Civ. § 274 (4th ed.).  Zeyzus's affidavit rests on hope or speculation to uncover a factual basis that would allow her claim to proceed.  On this motion for summary judgment, the undisputed record establishes that Bennett and Monahan were acting in the scope of their employment.  That included working outside of normal business hours and coordinating and planning for security at the Group conference.  See Mar. 20, 2026 Austin Aff. ¶¶ 1-5.  "[T]he 'hope' or 'hunch' that evidence

3

creating an issue of fact will emerge at trial is insufficient to delay a ruling on summary judgment under Rule 56(d)." 10B Fed. Prac. & Proc. Civ. § 2741 & n.27 (collecting cases); *see also*, *e.g.*, *Yassin v. Weyker*, 39 F.4th 1086, 1092 (8th Cir. 2022) (affirming denial of Rule 56(d) request and holding that "reopening discovery for a 'fishing expedition' would have been counterproductive") (citation omitted); *King v. Harwood*, 852 F.3d 568, 580 (6th Cir. 2017) (denying motion where "counsel did not specify any actual discoverable evidence that he hoped to obtain with discovery"); *Serdarevic v. Advanced Med. Optics, Inc.*, 532 F.3d 1352, 1364 (Fed. Cir. 2008) ("'An opposing party's mere hope that further evidence may develop prior to trial is an insufficient basis upon which to justify the denial of the motion.'") (quoting *Contemp. Mission, Inc. v. U.S. Postal Serv.*, 648 F.2d 97, 107 (2d Cir. 1981)); *DeLia v. Verizon Commc'ns, Inc.*, 258 F.R.D. 189, 192 (D. Mass. 2009) (counsel's conclusory statement that further discovery would reveal that employer's parent company had control over employer was insufficient to set forth plausible basis for believing that specified facts probably existed, or how emergent facts would influence outcome of pending summary judgment motion, as required for further discovery under Rule 56(d)).

Zeyzus's sought discovery does not change that she has not attributed any defamatory statements to Bennett and Monahan.  She asserts that she has already identified their statements in her Amended Complaint and its Exhibit 4.  Zeyzus Aff. ¶ 4.  Those documents contain no defamatory statement by Bennett or Monahan.  They contain only generalized allegations that they repeated others' statements.  They do not constitute "specific facts raising a triable issue." *Caldwell*, 2025 VT 17, ¶ 7.

## III.    Order

For the reasons set forth above, the court

1) grants defendants' motion for summary judgment (Mot. 18) and
2) denies Zeyzus's  requests for additional discovery under Rule 56(d) and for oral argument.

The court will issue a separate judgment order.

Electronically signed pursuant to V.R.E.F. 9(d) on July 27, 2026.

Colin Owyang
Superior Court Judge